IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FINGERTIP MOUSE CORPORATION DBA FTM COMPUTER PRODUCTS,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendant. | CIVIL ACTION<br><br>NO. 2:26-cv-___________<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Fingertip Mouse Corporation dba FTM Computer Products ("Plaintiff") files this Complaint for Patent Infringement and states as follows:

**THE PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of the State of Minnesota and having a principal place of business at 152 West Rainbow Street, Duluth, Minnesota 55811.

2. On information and belief, Defendant Samsung Electronics America, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of New York and having a regular and established place of business at 6625 Excellence Drive, Plano, Texas 75023.

**JURISDICTION AND VENUE**

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. This Court has personal jurisdiction over Defendant because it has minimum contacts with the State of Texas and has purposefully availed itself of the privilege of conducting business in the State of Texas. For example, on information and belief, Defendant has, directly or through intermediaries, sold or offered to sell infringing products in the State of Texas and this Judicial District, or has provided infringing products to intermediaries for distribution throughout the country, including Texas and this Judicial District, with knowledge of this distribution. On information and belief, Defendant has derived substantial revenues from infringing acts occurring within the State of Texas and within this Judicial District. Moreover, on information and belief, Defendant has purposefully and voluntarily placed its products into the stream of commerce with the expectation that they would be purchased and used by customers located in this State. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and this Judicial District.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because, on information and belief, Defendant has committed acts of infringement and maintains a regular and established place of business in this Judicial District.

## FACTUAL BACKGROUND

**U.S. Patent No. 9,092,075**

6. Plaintiff is the owner of record and assignee of United States Patent No. 9,092,075 ("the '075 patent") and has standing to sue and recover all past damages for infringement of the '075 patent.

7. The '075 patent, entitled "Fingertip Mouse and Base," was duly and legally issued on July 28, 2015. A true and correct copy of the '075 patent is attached as Exhibit A and incorporated herein by reference.

**U.S. Patent No. 9,261,983**

8. Plaintiff is the owner of record and assignee of United States Patent No. 9,261,983 ("the '983 patent") and has standing to sue and recover all past damages for infringement of the '983 patent.

9. The '983 patent, entitled "Fingertip Mouse and Base," was duly and legally issued on February 16, 2016. A true and correct copy of the '983 patent is attached as Exhibit B and incorporated herein by reference.

**U.S. Patent No. 10,963,070**

10. Plaintiff is the owner of record and assignee of United States Patent No. 10,963,070 ("the '070 patent") and has standing to sue and recover all past damages for infringement of the '070 patent.

11. The '070 patent, entitled "Fingertip Mouse and Base," was duly and legally issued on March 30, 2021. A true and correct copy of the '070 patent is attached as Exhibit C and incorporated herein by reference.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,092,075

12. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

13. Defendant has directly infringed at least claim 1 of the '075 patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing, for example, the Samsung Galaxy Ring, as detailed in the preliminary claim chart attached hereto as Exhibit D and incorporated herein by reference.

14. Defendant's infringing activities have been without authority or license under the '075 patent.

15. Plaintiff has complied with any applicable requirement of 35 U.S.C. § 287 such that it is entitled to past damages for infringement. Since the issuance of the ’075 patent, Plaintiff has not itself practiced the ’075 patent by, for example, making, selling, or offering for sale products that practice the ’075 patent, nor has it authorized anyone else to do so.

16. Plaintiff has been damaged by Defendant’s infringement of the ’075 patent, and Plaintiff is entitled to recover damages for Defendant’s infringement, which damages cannot be less than a reasonable royalty.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,261,983**

17. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

18. Defendant has directly infringed at least claim 1 of the ’983 patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing, for example, the Samsung Galaxy Ring, as detailed in the preliminary claim chart attached hereto as Exhibit E and incorporated herein by reference.

19. Defendant’s infringing activities have been without authority or license under the ’983 patent.

20. Plaintiff has complied with any applicable requirement of 35 U.S.C. § 287 such that it is entitled to past damages for infringement. Since the issuance of the ’983 patent, Plaintiff has not itself practiced the ’983 patent by, for example, making, selling, or offering for sale products that practice the ’983 patent, nor has it authorized anyone else to do so.

21. Plaintiff has been damaged by Defendant’s infringement of the ’983 patent, and Plaintiff is entitled to recover damages for Defendant’s infringement, which damages cannot be less than a reasonable royalty.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,963,070**

22. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

23. Defendant has directly infringed at least claim 1 of the ’070 patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing, for example, the Samsung Galaxy Ring, as detailed in the preliminary claim chart attached hereto as Exhibit F and incorporated herein by reference.

24. Defendant’s infringing activities have been without authority or license under the ’070 patent.

25. Plaintiff has complied with any applicable requirement of 35 U.S.C. § 287 such that it is entitled to past damages for infringement. Since the issuance of the ’070 patent, Plaintiff has not itself practiced the ’070 patent by, for example, making, selling, or offering for sale products that practice the ’070 patent, nor has it authorized anyone else to do so.

26. Plaintiff has been damaged by Defendant’s infringement of the ’070 patent, and Plaintiff is entitled to recover damages for Defendant’s infringement, which damages cannot be less than a reasonable royalty.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendant has infringed at least one claim of each of the ’075 patent, the ’983 patent, and the ’070 patent,

B. Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty, and an accounting of all infringing acts,

C. An award of Plaintiff's reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285,

D. Pre-judgment and post-judgment interest on the damages assessed, and

E. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 26th day of August, 2026.

/s/ *Cortney S. Alexander*
Cortney S. Alexander
cortneyalexander@kentrisley.com
Tel: (404) 855-3867
Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff